**SEALED**

FILED

MAY 29 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1 BENJAMIN B. WAGNER
  United States Attorney
2 TODD PICKLES
  Assistant United States Attorney
3 501 I Street, Suite 10-100
  Sacramento, CA 95814
4 Telephone: (916) 554-2766
  Facsimile: (916) 554-2900

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

2:13-SW-0374 AC

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES             )
OF AMERICA FOR AUTHORIZATION TO  )  CASE NO. 2:13-SW-
OBTAIN LOCATION DATA CONCERNING  )
CELLULAR TELEPHONES ASSIGNED     )  ORDER
TELEPHONE NUMBERS: (909) 749-2258)
                                 )
                                 )  **UNDER SEAL**
                                 )

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephones: of (1) the cellular telephone assigned Telephone Number: (909) 749-2258, Subscriber: "JHGF FKJH, Po Box 54988, Irvine, California, believed to be in possession of Omar Adrian Gonzalez NUNO, a member of a drug trafficking organization, with service provided by Sprint, hereinafter **(TELEPHONE #30);** including but not limited to E-911 Phase II data (or other precise location information) concerning **TELEPHONE #30** (the "Requested Information")[2] for a period of 30 days.

---

[2] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET CELL PHONE at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable case. See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703 (d) & 3121 et seq.).

The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses. The Court also finds that there is reasonable cause to believe that providing immediate notification of the execution of the warrant may seriously jeopardize an ongoing investigation. Furthermore, the execution of this warrant will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of DEA, beginning at any time within ten (10) days of the date of this Order and for a period not to exceed 30 days, may obtain the Requested Information for **TELEPHONE #30,** with said authority to extend to any time of the day or night as required, including when **TELEPHONE #30** leaves the Eastern District of California; all of said authority being expressly limited to ascertaining the physical location of **TELEPHONE #30,** and expressly excluding the contents of any communications conducted by the user(s) of **TELEPHONE #30**.

It is further ORDERED that Sprint, the service provider for **TELEPHONE #30,** assist agents of the DEA by providing all information, facilities, and technical assistance needed to ascertain the Requested Information, including initiating a signal to determine the location of the subject's mobile device on Sprint's network (or any networks it services or with which it has service contracts) or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as Sprint accords the user(s) of **TELEPHONE #30.**

It is further ORDERED that the DEA compensate Sprint for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in

order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and Sprint's necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED that Sprint, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

DATED: 5/29/13

_____
HONORABLE ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE